IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KEITH JOSEPH TRACEY,[1]<br><br>                  Plaintiff,<br><br>      v.<br><br>JUDGE SAXBY, *et al.*,<br><br>                  Defendants. | Case No. 3:21-cv-00249-SLG-KFR |

**REPORT & RECOMMENDATION**[2]

On November 9, 2021, Keith Joseph Tracey, a self-represented prisoner (hereinafter "Plaintiff"), filed a "Notice of Intent to File Suit/Lien."[3] On November 18, 2021, the Court issued an Order Re: Deficient Filing that

---

[1] Plaintiff's Complaint at Docket 3 clarified that his name is Keith Joseph Tracey. The Court updates the caption, accordingly.

[2] Under 28 U.S.C. § 636(b)(1), a District Court may designate a magistrate judge to hear and determine any pretrial matter pending before the Court. Under the same provision, a district court judge may reconsider any pretrial matter where it has been shown the magistrate judge's order is clearly erroneous or contrary to law. Within fourteen days after being served with a copy of a magistrate judge's order, any party may serve and file written objections. Objections and responses shall not exceed five (5) pages in length and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. A District Court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment. See *Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

[3] Docket 1.

instructed Plaintiff on how to file a complaint and to either pay the filing fee or file an application to waive the filing fee in order to properly commence a civil action.[4] On November 18, 2021, Plaintiff filed a Prisoner's Complaint under the Civil Rights Act 42 U.S.C. § 1983 (hereinafter "Complaint"), a civil cover sheet, and a Prisoner's Application to Waive Prepayment of the Filing Fee.[5] Subsequently, Plaintiff filed two large affidavits and a "List of Just Compensation."[6]

The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. The Court will not consider Dockets 8–10 in the screening process, as filing additional documents into the record does not properly amend a civil complaint.[7]

## **SCREENING REQUIREMENT**

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

---

[4] Docket 2.

[5] Dockets 4–6.

[6] Dockets 8–10.

[7] *See* Local Civil Rule 15.1.

Report & Recommendation
*Tracey v. Saxby, et al.*
Case No. 3:21-cv-00249-SLG-KFR
Page 2 of 15
Case 3:21-cv-00249-SLG-KFR   Document 13   Filed 03/01/22   Page 2 of 15

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[8]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[9] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[10] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[11]

---

[8] 28 U.S.C. § 1915A.

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[10] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[11] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Report & Recommendation
*Tracey v. Saxby, et al.*
Case No. 3:21-cv-00249-SLG-KFR
Page 3 of 15
Case 3:21-cv-00249-SLG-KFR   Document 13   Filed 03/01/22   Page 3 of 15

Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[12]

## DISCUSSION

### I. Complaint

Plaintiff brings suit against Alaska Superior Court Judge Saxby, Alaska Court System Clerk L. Wilson, Assistant Public Defender John Zelinsky, and Assistant District Attorney Katholyn Runnels.[13] Plaintiff sues Defendants in their individual and official capacities.[14]

In Claim 1, Plaintiff alleges all Defendants violated his First Amendment right to access the courts by using an unconstitutional "special order" to "deny[ him] access to the courts."[15] Plaintiff alleges "all defendants have violated Ak. Stat. § 11.56.850, Ak Stat. § 11.56.200, AK Stat. § 11.76.110, 18 U.S. Code § 4, 18 U.S. Code § 1621, 18 U.S. Code Part 1, Chapter 13 § 241 & 242[,] with the clerk [also] violating 18 U.S. Code § 2071."[16] Plaintiff further

---

[12] See Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

[13] Docket 1 at 2–3.

[14] Docket 1 at 2–3.

[15] Docket 1 at 4.

[16] Docket 1 at 4.

Report & Recommendation
*Tracey v. Saxby, et al.*
Case No. 3:21-cv-00249-SLG-KFR
Page 4 of 15
Case 3:21-cv-00249-SLG-KFR   Document 13   Filed 03/01/22   Page 4 of 15

alleges that "[t]he judge acted out of his jurisdiction and assumed the role of a public health expert/official."[17]

In Claim 2, Plaintiff alleges that Defendants Judge Saxby, Zelinsky, and Runnels violated his Sixth Amendment right to a speedy and public trial. Plaintiff asserts that "the substantive policy decision, re-implemented each time it is reconsidered, is an abuse clearly demonstrated by the deception of the court that their power to stop, pause, and state [R]ule 45 keeps the integrity of the 6th [A]mendment intact."[18]

In Claim 3, Plaintiff alleges that Defendants Judge Saxby, Zelinsky, and Runnels violated his Ninth Amendment right to be free from government tyranny due to the "special order."[19]

In Claim 4, Plaintiff alleges that all Defendants violated his Fourteenth Amendment right to due process "[b]y implementing this unconstitutional 'special order' they have denied my access to the courts, the discovery concerning my case, my right to a speedy and public trial, my ability to

---

[17] *Id.*

[18] Docket 1 at 5.

[19] Docket 1 at 6.

exhaust [administrative] remedies and the people['s] right to be free from government tyranny[.]"[20]

Plaintiff does not provide any details about the "special order" referenced in Claims 1, 2 and 4, or the "substantive policy decision" mentioned in Claim 2.  However, the Court takes judicial notice of the Special Orders of the Chief Justice of the Alaska Supreme Court, beginning March 15, 2020, through December 2, 2021;[21] and Presiding Judge Order 901 of the Third Judicial District.  Presiding Judge Order 901 suspended jury trials within Alaska's Third Judicial District from September 16, 2021, until January 10, 2022, because of the COVID-19 pandemic, thereby limiting Plaintiff's ability to make in-person appearances on the charges[22] for which he is currently detained by the State of Alaska.[23]

Plaintiff does not enclose the page of the Prisoner's Complaint that generally articulates the relief sought.  However, Plaintiff's Notice of Intent

---

[20] Docket 1 at 7.

[21] *See Special Orders of the Chief Justice*, Alaska Court System:  COVID-19 Response, available at:  https://courts.alaska.gov/covid19/index.htm#socj

[22] *See infra* at 27-29

[23] *See Presiding Judge Order #901*, Alaska Court System:  COVID-19 Response, available at: https://courts.alaska.gov/covid19/index.htm#socj

Report & Recommendation
*Tracey v. Saxby, et al.*
Case No. 3:21-cv-00249-SLG-KFR
Page 6 of 15
Case 3:21-cv-00249-SLG-KFR   Document 13   Filed 03/01/22   Page 6 of 15

to File Suit includes a demand for relief of: (1) $173,000.00 in punitive damages per constitutional violation; 2) a cease and desist order as to the "special order;" and (3) dismissal of Plaintiff's charges with prejudice.[24] Additionally, Plaintiff includes an affidavit that states, "I'm suing all defendants in their individual capacities for punitive damages as just compensation for [the] violation of my [Constitutional] Rights."[25]

In support of his Complaint, Plaintiff includes several exhibits, including: (1) a statement explaining why Exhibits A and B, an affidavit filed in state court and the clerk's notice denying that filing, respectively, which are referenced in Claim 1, are not enclosed; (2) a Criminal Deficiency Memo from the Alaska Court System; (3) a letter to a known entity dated October 29, 2021; (4) a "Notice of Intent to File Suit/Lien" filed in Alaska Superior Court; (5) an affidavit; and (6) a typed "Supplemental Affidavit."[26]

The Court takes judicial notice of Plaintiff's three pending state criminal matters. A trial setting conference is scheduled for March 14, 2022,

---

[24] Docket 3-1 at 4.

[25] Docket 3-2 at 1.

[26] Dockets 3-1 & 3-2.

Report & Recommendation
*Tracey v. Saxby, et al.*
Case No. 3:21-cv-00249-SLG-KFR
Page 7 of 15
Case 3:21-cv-00249-SLG-KFR   Document 13   Filed 03/01/22   Page 7 of 15

in *State of Alaska v. Keith J. Tracy*, Case No. 3AN-19-10566CR.[27] A pre-trial conference is scheduled for April 18, 2022, in *State of Alaska v. Keith Joseph Tracy*, Case No. 3AN-20-01781CR.[28] A pre-indictment hearing is scheduled for March 3, 2022, in *State of Alaska v. Keith Joseph Tracey*, Case No. 3AN-20-05112CR.[29]

## II. <u>Civil Rights Claims Under 42 U.S.C. § 1983</u>

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[30] For relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[31] To act under the color of state law, a complaint must allege that the defendants acted with

---

[27] *State of Alaska v. Keith J. Tracy*, Case No. 3AN-19-10566CR ("Events: 03/14/2022 Trial Setting Conference: Superior Court").

[28] *State of Alaska v. Keith Joseph Tracy*, Case No. 3AN-20-01781CR ("Events: 02/14/2022 Pre-trial Conference: District Court Criminal").

[29] *State of Alaska v. Keith Joseph Tracey*, Case No. 3AN-20-05112CR ("Events: 03/02/2022 Pre-Indictment Hearing").

[30] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[31] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Report & Recommendation
*Tracey v. Saxby, et al.*
Case No. 3:21-cv-00249-SLG-KFR
Page 8 of 15
Case 3:21-cv-00249-SLG-KFR   Document 13   Filed 03/01/22   Page 8 of 15

state authority as state actors.[32] Furthermore, a defendant must be eligible for suit. None of the individuals sued by Plaintiff in this case are proper defendants under 42 U.S.C. § 1983. Therefore, Plaintiff's Complaint must be dismissed.

### a. Defendant Zelinsky

A lawyer appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, … not a state actor."[33] Such a lawyer, whether from the Office of Public Advocacy, Public Defender's Agency, or by contract is "no doubt, paid by government funds and hired by a government agency."[34] This method of payment and retention, however, does not matter, as the lawyer's role in this scenario is "to represent [their] client, not the interests of the [government entity paying their fees]."[35] In this way, a court-appointed lawyer is no different than a privately retained attorney, who in

---

[32] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[33] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).

[34] *Id.*, citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).

[35] *Id*.

Report & Recommendation
*Tracey v. Saxby, et al.*
Case No. 3:21-cv-00249-SLG-KFR
Page 9 of 15
Case 3:21-cv-00249-SLG-KFR   Document 13   Filed 03/01/22   Page 9 of 15

no way can be considered a state actor, but whose "duties and obligations [to the client] are the same."[36] .

John Zelinsky is an attorney with the State of Alaska Public Defender Agency. Plaintiff seeks damages from Defendant Zelinsky due to his alleged actions as a court appointed attorney complying with the operational orders from the Chief Justice of the Alaska Supreme Court and the Presiding Judge of the Third Judicial District of the Alaska Court System. Defendant Zelinsky, as court appointed counsel to an indigent defendant, is not a state actor as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

### b. Defendant Judge Saxby

A state court judicial officer is a state actor. However, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[37] Moreover, judicial immunity extends to preclude prospective injunctive relief against a state

---

[36] *Polk County*, 454 U.S. at 318-19.

[37] *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (citations omitted) (in determining if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity."

Report & Recommendation
*Tracey v. Saxby, et al.*
Case No. 3:21-cv-00249-SLG-KFR
Page 10 of 15
Case 3:21-cv-00249-SLG-KFR   Document 13   Filed 03/01/22   Page 10 of 15

court judge for acts or omissions made in that judge's official capacity.[38] This judicial immunity is immunity from lawsuit, not just from ultimate assessment of damages, and it cannot be overcome by allegations of bad faith or malice.[39]

Defendant Judge Saxby is a judicial officer in the Alaska Superior Court. Plaintiff seeks damages and injunctive relief due to Defendant Judge Saxby's application of the operational orders from the Chief Justice of the Alaska Supreme Court and the Presiding Judge of the Third Judicial District of the Alaska Court System, which Plaintiff asserts led to delays in his in-court appearances and trial. As a judicial officer acting in his official capacity in accordance with the rules of the Alaska court system then in place to address the COVID-19 pandemic, Defendant Judge Saxby is immune from suit as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

### c. Defendant Wilson

A court clerk is a state actor. However like judges, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations

---

[38] 42 U.S.C. § 1983.

[39] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Report & Recommendation
*Tracey v. Saxby, et al.*
Case No. 3:21-cv-00249-SLG-KFR
Page 11 of 15
Case 3:21-cv-00249-SLG-KFR   Document 13   Filed 03/01/22   Page 11 of 15

when they perform tasks that are an integral part of the judicial process."[40] A mistake does not abrogate this immunity even if it results in "grave procedural errors."[41] The Court of Appeals for the Ninth Circuit has held that "when a person who is alleged to have caused a deprivation of constitutional rights while acting under color of federal law can successfully assert judicial or quasi-judicial immunity from damages, that immunity also will bar declaratory and injunctive relief."[42]

Defendant Wilson is a court clerk in the Alaska Court System. Plaintiff seeks relief due to Defendant Wilson's alleged actions applying the procedural rules of the Alaska Court System in his pending criminal cases. As a court clerk performing administrative tasks that are part of Plaintiff's ongoing state court criminal matter, Defendant Wilson is immune from suit as a matter of law. Therefore, she cannot be sued under 42 U.S.C. § 1983.

### d. Defendant Runnels

District attorneys are state actors; however, prosecuting attorneys are immune from suit. Prosecutorial immunity protects government attorneys

---

[40] *Mullis v. U.S. Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987).
[41] *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).
[42] *Mullis*, 828 F.2d at 1394.

when they are acting pursuant to their judicial role as an advocate for the state, performing functions "intimately associated with the judicial phase of the criminal process."[43] A prosecutor's absolute immunity extends to "initiating a prosecution and presenting the State's case,"[44] including eliciting witness testimony, arguing motions, and pretrial court appearances.[45]

However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."[46] Further, a prosecutor can be held accountable for malicious prosecution. But for any such claim to go forward, a claimant must provide plausible factual details and more than just conclusory allegations.[47] Most importantly, a claim for malicious prosecution cannot proceed until the termination of the prior criminal proceeding has occurred in favor of the

---

[43] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

[44] Id.

[45] *See Burns v. Reed*, 500 U.S. 478, 490-91 (1991).

[46] *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

[47] *Iqbal*, 556 U.S. at 679 (stating that pleadings which "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Report & Recommendation
*Tracey v. Saxby, et al.*
Case No. 3:21-cv-00249-SLG-KFR
Page 13 of 15
Case 3:21-cv-00249-SLG-KFR   Document 13   Filed 03/01/22   Page 13 of 15

accused.[48] This "avoids parallel litigation over the issue of probable cause and guilt . . . and it precludes the possibility of the claimant [*sic*] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."[49]

Defendant Runnels is a prosecuting attorney for the State of Alaska. Plaintiff seeks damages due to her alleged actions complying with the operational orders from the Chief Justice of the Alaska Supreme Court and the Presiding Judge of the Third Judicial District of the Alaska Court System. As a prosecuting governmental attorney complying with the rules imposed upon her as part of a judicial proceeding, Defendant Runnels is immune from suit as a matter of law. Therefore, she cannot be sued under 42 U.S.C. § 1983.

## **CONCLUSION**

Defendants are not proper defendants or are immune from suit. Therefore, Plaintiff fails to state a claim upon which relief may be granted.

---

[48] *Heck v. Humphrey*, 512 U.S. 47, 484 (1994).

[49] *Heck*, 512 U.S. at 484.

In addition, no defendants may be substituted under these facts; therefore, amendment is futile.[50]

**IT IS THEREFORE RECOMMENDED:**

1. This action should be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted and the futility of amendment.

2. All pending motions should be **DENIED AS MOOT**.

3. A dismissal under these circumstances should be a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___, 140 S.Ct. 172 (2020).[51]

4. The Clerk of Court should issue a final judgment.

DATED this 1st day of March, 2022 at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

---

[50] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

[51] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Report & Recommendation
*Tracey v. Saxby, et al.*
Case No. 3:21-cv-00249-SLG-KFR
Page 15 of 15
Case 3:21-cv-00249-SLG-KFR   Document 13   Filed 03/01/22   Page 15 of 15